UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
Eastern Division

| | | |
|---|---|---|
| In Re: | ) | BK No.:   24-09110 |
| WEALSHIRE REHAB, LLC | ) | |
| | ) | Chapter: 11 |
| | ) | Honorable Donald R. Cassling |
| | ) | |
| | ) | |
| Debtor(s) | ) | |

**ORDER GRANTING DEBTOR'S EMERGENCY MOTION FOR ENTRY OF AN ORDER (I) DETERMINING ADEQUATE ASSURANCE OF UTILITY PAYMENT; (II) PROHIBITING UTILITY COMPANIES FROM ALTERING, REFUSING OR DISCONTINUING SERVICE ON ACCOUNT OF PREPETITION INVOICES; AND (III) APPROVING ADEQUATE ASSURANCE PROCEDURES**

This cause, having come before the Court on the motion (the "Motion") of Wealshire Rehab, LLC (the "Debtor"), for entry of an order determining the amount of adequate assurance of utility payment to the Utility Companies, prohibiting the Utility Companies from altering, refusing or discontinuing services on account of prepetition amounts outstanding, and approving the Adequate Assurance Procedures; and Movant representing that the Movant provided appropriate notice of the Motion and an opportunity for a hearing on the Motion under the circumstances; and the Court having reviewed the Motion and having heard the statements in support of the relief requested therein at a hearing before the Court (the "Hearing"); and the Court having determined that the legal and factual bases set forth in the Motion and at the Hearing establish just cause for the relief granted herein; and upon all of the proceedings had before the Court and based on the representations of counsel at the Hearing; and capitalized terms not defined herein having the meaning given to them in the Motion; and after due deliberation and sufficient cause appearing therefor,

IT IS HEREBY ORDERED that:

1. The Motion is granted as set forth herein.

2. Except in accordance with the procedures set forth below, absent further order of the Court, each Utility Company is prohibited from: (a) altering, refusing, or discontinuing service to, or discriminating against the Debtor solely on the basis of the commencement of this chapter 11 case or on account of any unpaid invoice for Utility Services provided before the Petition Date and (b) requiring the payment of a deposit or other security in connection with the continued provision of Utility Services, including, the furnishing of gas, heat, electricity, water, telephone, sewer, or any other utility of like kind, to the Debtor.

3. The Debtor shall set aside $6,465.00 to provide adequate assurance of payment for future services to the Utility Companies and shall make the Proposed Adequate Assurance Payment to each Utility Company, as set forth in Exhibit A to the Motion.

4. Except as otherwise described herein, the following Adequate Assurance Procedures are hereby approved:

   a. Absent non-compliance with the Adequate Assurance Procedures, the Utility Companies are

forbidden to discontinue, alter, or refuse service on account of any unpaid prepetition charges, or require additional adequate assurance of payment other than the Proposed Adequate Assurance.

     b. Any Utility Company desiring additional assurances of payment in the form of deposits, prepayments or otherwise must serve a request (an "Additional Assurance Request") so that it is received by the Debtor within twenty (20) days after entry by the Court of the Order at the following email addresses: (i) the Debtor, Wealshire Rehab, LLC, Attn: RayAnne Strubberg, rstrubberg@wealshire.com; and (ii) Debtor's counsel, Levenfeld Pearlstein, LLC, Attn: Sean P. Williams, swilliams@lplegal.com.

     c. Any Additional Assurance Request must: (i) be made in writing (including the name and address of the Utility Company and the Debtor's Account Number); (ii) include a summary of the Debtor's payment history relevant to the affected account(s), including any security deposits and the outstanding balance for each account(s); and (iii) set forth why the Utility Company believes the Proposed Adequate Assurance is not sufficient adequate assurance of future payment.

     d. Upon the Debtor's receipt of any Additional Assurance Request made in the manner set forth above, the Debtor shall have the greater of: (i) fourteen days from the receipt of such Additional Assurance Request; or (ii) thirty days from the Petition Date (collectively, the "Resolution Period") to negotiate with such Utility Company to resolve such Utility Company's request for additional assurance of payment.

     e. The Debtor may, in its discretion, resolve any Additional Assurance Request by mutual agreement with the Utility Company and without further order of the Court, and may, in connection with any such agreement, in their discretion, provide a Utility Company with additional adequate assurance of future payment, including but not limited to cash deposits, prepayments, and/or other forms of security, without further order of this Court if the Debtor believes such additional assurance is reasonable.

     f. If the Debtor determines that the Additional Assurance Request is not reasonable and is not able to reach an alternative resolution with the Utility Company during the Resolution Period, the Debtor, within ten (10) days after the Resolution Period, will request a hearing ("Determination Hearing") before this Court to determine the adequacy of assurances of payment with respect to such Utility Company ("Objecting Utility Company") pursuant to section 366(c)(3) of the Bankruptcy Code.

     g. Pending any such Determination Hearing, the Objecting Utility Company shall be restrained from discontinuing, altering, or refusing service to the Debtor on account of unpaid charges for prepetition services or on account of any objections to the Proposed Adequate Assurance and shall not recover or set off against a prepetition deposit.

     h. Any Utility Company that fails to make a timely Additional Assurance Request shall be deemed satisfied that the Proposed Adequate Assurance constitutes adequate assurance of payment and shall have waived any right to seek additional adequate assurance during the course of the Chapter 11 Case.

  5. Absent non-compliance with the Adequate Assurance Procedures, the Utility Companies are forbidden to discontinue, alter, or refuse service on account of any unpaid prepetition charges, or require additional adequate assurance of payment other than the Proposed Adequate Assurance.

  6. A Utility Company shall be deemed to have adequate assurance of payment unless and until: (i) the Debtor, in its sole discretion, agrees to an Additional Assurance Request or agrees to an alternative

assurance of payment with the Utility Company during the Resolution Period or (ii) this Court enters an order at any Determination Hearing requiring that additional adequate assurance of payment be provided.

7. The relief granted herein is subject in all respects to the terms and conditions of the Interim Order (I) Authorizing the Debtor to Obtain Postpetition Financing on a Secured, Superpriority Basis; (II) Authorizing the Debtor to Use Cash Collateral; (III) Granting Adequate Protection to Prepetition Secured Parties; (IV) Modifying the Automatic Stay, (V) Scheduling a Final Hearing, and (VI) Granting Related Relief (the "DIP Order") and any payments approved herein may only be paid to the extent included in the approved Budget (as defined in the DIP Order).

8. The Debtor is authorized, in its sole discretion, to amend the list of utilities attached as Exhibit A to the Motion (the "Utilities Service List") to add or delete any Utility Company, and this Order shall apply to any such Utility Provider that is subsequently added to the Utilities Service List. If the Debtor amends or supplements the Utilities Service List, the Debtor will file a supplement to Exhibit A with this Court and serve a copy of this Order, as applicable, on the affected Utility Company in accordance with the Adequate Assurance Procedures. Any Utility Company not listed on the Utilities Service List but included on an amended Utilities Service List shall be served with notice and a copy of this Order within five business days after the amended Utilities Service List is filed with the Court, and shall be afforded thirty days from the date of service to make an Additional Assurance Request. Such Additional Assurance Request must otherwise comply with the requirements of this Order.

9. The Debtor shall serve a copy of this Order: (i) upon each of the Utility Companies by overnight mail pursuant to Bankruptcy Rule 7004 and (ii) by CM-ECF on each party that has requested notice pursuant to Bankruptcy Rule 2002.

10. Neither the inclusion of, nor the failure to specify, any Utility Company by name in the Motion or this order shall be deemed an admission by the Debtor that such entity is, or is not, as the case may be, a utility within the meaning of 11 U.S.C. § 366, and the Debtor shall be deemed to have reserved all of their rights with respect thereto.

11. Upon a Debtor's termination of a Utility Company must apply the entire Proposed Adequate Assurance payment received to the final amount due for postpetition service only before returning any excess amounts to the Debtor or sending a final bill if the Proposed Adequate Assurance payment did not cover the total amount due.

12. The Debtor is authorized and empowered to take all actions necessary to implement the relief granted in this Order.

13. The notice provided by the Debtor is hereby deemed adequate and sufficient notice under the circumstances of the Chapter 11 Case, and no other or further notice shall be required.

14. Notwithstanding any applicability of any Bankruptcy Rules, the terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

15. This Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation of this Order.

Enter:

Honorable Deborah L. Thorne
United States Bankruptcy Judge

Dated: June 26, 2024

**Prepared by:**

Harold D. Israel, Esq.
Sean P. Williams, Esq.
LEVENFELD PEARLSTEIN, LLC
120 South Riverside Plaza, Suite 1800
Chicago, Illinois 60606
Telephone: (312) 346-8380
e-mail: hisrael@lplegal.com
e-mail: swilliams@lplegal.com