# UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| WEALSHIRE REHAB, LLC, | ) | Case No. 24-09110 |
| | ) | |
| | ) | |
| Debtor. | ) | Honorable Donald R. Cassling |
| | ) | |

## NOTICE OF APPLICATION

**PLEASE TAKE NOTICE** that on **July 16, 2024 at 10:00 a.m.,** I will appear before the Honorable Judge Donald R. Cassling, or any judge sitting in that judge's place, **either** in courtroom 619 of the Everett McKinley Dirksen United States, 219 S. Dearborn St., Chicago, Illinois 60604 and present the ***Debtor's Application to Employ and Retain Levenfeld Pearlstein, LLC as Counsel to the Debtor Effective as of June 20, 2024*** (the "Application") filed by Wealshire Rehab, LLC, a copy of which is attached hereto.

**Important: Only parties and their counsel may appear for presentment of the motion electronically using Zoom for Government. All others must appear in person.**

**To appear by video**, use this link: https://www.zoomgov.com/join. Then enter the meeting ID and password.

**To appear by telephone**, call Zoom for Government at 1-669-254-5252 or 1-646-828-7666. Then enter the meeting ID and password.

**Meeting ID and passcode**. The meeting ID for this hearing is **161 414 7941** and the passcode is **619**. Additional information can be found on the Judge's webpage on the court's website: https://www.ilnb.uscourts.gov/content/judge-donald-r-cassling

**PLEASE TAKE FURTHER NOTICE** that if you object to this Application and want it called on the presentment date above, you must file a Notice of Objection no later than two (2) business days before that date. If a Notice of Objection is timely filed, the Application will be called on the presentment date. If no Notice of Objection is timely filed, the court may grant the Application in advance without a hearing.

*[Remainder of Page Intentionally Left Blank]*

Dated:  July 9, 2024

Respectfully submitted,

**WEALSHIRE REHAB, LLC**

By: _____/s/ Harold D. Israel_____

Harold D. Israel, Esq.
Sean P. Williams, Esq.
**LEVENFELD PEARLSTEIN, LLC**
120 S. Riverside Plaza, Suite 1800
Chicago, Illinois 60606
Telephone: (312) 346-8380
Facsimile: (312) 346-8434
e-mail: hisrael@lplegal.com

<u>**CERTIFICATE OF SERVICE**</u>

  I, Harold D. Israel, the undersigned attorney, hereby certify that on July 9, 2024, I caused a copy of the ***Notice of Application*** and ***Application of the Debtor to Employ and Retain Levenfeld Pearlstein, LLC as Counsel to the Debtor Effective as of June 20, 2024*** to be filed via the Court's ECF system and served via first class U.S. Mail at 2:00 p.m., as indicated below.

            /s/ Harold D. Israel   

<u>**SERVICE LIST**</u>

<u>**VIA CM/ECF**</u>

Jake Gordon on behalf of Creditor eCapital Healthcare Corp.
jake.gordon@foley.com

Edward Joseph Green on behalf of Creditor eCapital Healthcare Corp.
egreen@foley.com

Robert P Handler
rhandler@com-rec.com, rhandlerscv@ecf.axosfs.com

Harold D. Israel on behalf of Debtor 1 Wealshire Rehab, LLC
hisrael@lplegal.com,
nbailey@lplegal.com;ikropiewnicka@lplegal.com;kpatton@lplegal.com;druiz@lplegal.com

Gregory J Jordan on behalf of Creditor Ability Rehab, LLC
gjordan@jz-llc.com, jordan.gregoryr99818@notify-prod.bestcase.com

Patrick S Layng
USTPRegion11.ES.ECF@usdoj.gov

Karen Newbury on behalf of U.S. Trustee Patrick S Layng
karen.v.newbury@usdoj.gov

John R O'Connor on behalf of Debtor 1 Wealshire Rehab, LLC
joconnor@lplegal.com,
nbailey@lplegal.com;ikropiewnicka@lplegal.com;kpatton@lplegal.com;druiz@lplegal.com

John Reding on behalf of Interested Party Illinois Department of Public Health
john.reding@ilag.gov

Sean P. Williams on behalf of Debtor 1 Wealshire Rehab, LLC
swilliams@lplegal.com,
nbailey@lplegal.com;ikropiewnicka@lplegal.com;kpatton@lplegal.com;druiz@lplegal.com

James S Zmuda on behalf of Creditor Performance Food Group, Inc.
jzmuda@califf.com, bmoore@califf.com

**VIA FIRST CLASS U.S. MAIL**

CALIFF & HARPER, P.C.
1515 5th Avenue, Suite 700
Moline, IL 61265

Law Office of Antwan M. Williams
77 W. Wacker Drive
Suite 4500
Chicago, IL 60601

Patrick G. Cooke
330 North Wabash Ave., Ste. 3300
Chicago, IL 60611

R. Jeremy Adamson
50 West Broadway Ste 1000
Salt Lake City, UT 84101

The Law Office of Douglas R. Johnson
203 N LaSalle St Suite 2100
Chicago, IL 60601

Old National Bank
1 Main St.
Evansville, IN 47708

ABILITY NETWORK INC
DEPT CH 16577
Palatine, IL 60055

ANGELS HOMECARE SERVICES
2200 S MAIN ST
Lombard, IL 60148

CAMBRIDGE REALTY CAPITAL LTD
OF IL
1 N. LaSalle St. 37th Floor
Chicago, IL 60602

CENTERS FOR MEDICARE AND
MEDICAID
7500 Security Boulevard
Windsor Mill, MD 21244

COM ED
440 S. LaSalle Street, Suite 3300
Chicago, IL 60605

DELTA T GROUP
950 East Haverford Road, Suite 200
Bryn Mawr, PA 19010

DEPARTMENT OF HEALTH AND
HUMAN SERVICES
General Counsel, Department
200 Independence Avenue, S.W.
Washington, DC 20201

Department of the Treasury
Internal Revenue Service
1111 Constitution Avenue Northwest
Washington, District of Columbia, DC
20224

eCapital Healthcare Corp.
Attn: General Counsel
20807 Biscayne Blvd, Suite 203
Miami, FL 33180

Gordon Food Service
1300 Gezon Parkway SW
Wyoming, MI 49509

Illinois Department of Healthcare and
Family Services
HFS/BUREAU OF FISCAL OPS
201 South Grand Avenue East, 3rd Floor
Springfield IL  62763-0002

HEALTHCARE SERVICES GROUP
3220 TILLMAN DRIVE
SUITE 300
Bensalem, PA 19020

ILLINOIS DEPARTMENT OF PUBLIC
HEALTH
525-535 West Jefferson Street
Springfield, IL 62761

ILLINOIS DEPARTMENT OF REVENUE
Bankruptcy Unit
WILLARD ICE BUILDING
101 WEST JEFFERSON STREET
SPRINGFIELD, ILLINOIS 62702

ILLINOIS DEPT. OF EMPLOYMENT
SEC.
Benefit Payment Control Division
1300 South 9th Street
Springfield, IL 62703

KARE TECHNOLOGIES
(AMERISOURCE)
1123 Yale St.
Houston, TX 77008

KEZIAH QUALITY NURSING
STAFFING
507 TRUMANS COURT
Belvidere, IL 61008

LAKE COUNTY HEALTH
DEPARTMENT
3rd FLOOR-BUSINESS OFFICE
3010 GRAND AVENUE
Waukegan, IL 60085

LAKE COUNTY TREASURER
18 N County St Room #102
Waukegan, IL 60085

LEVCO TECHNOLOGIES INC
601 21ST STREET
SUITE 300
Vero Beach, FL 32960

NEXT LEVEL HOSPITALITY SERVICES
100 CHALLENGER ROAD
SUITE 303
Ridgefield Park, NJ 07660

NURSA INC
1618 Main
Dallas TX, 75201

PERFORMANCE FOODSERVICE TPC
13400 Commerce Boulevard
Rogers, MN 55374

PHARMSCRIPT OF IL LLC
150 Pierce St
Somerset, NJ 08873

POINTCLICKCARE TECHNOLOGIES
INC
3500 American Blvd. W.
Suite 150
Bloomington, MN55431

PROFESSIONAL MEDICAL INC
1917 Garnet Ct.
New Lenox, Illinois 60451
REED SMITH LLP
10 S Wacker Dr Suite 4000
Chicago, IL 60606

ILLINOIS SECRETARY OF STATE
115 S. LaSalle St., Ste. 300
Chicago, IL 60603

TRANSITIONAL CARE MANAGEMENT
3333 Warrenville Road,
Suite 200
Lisle, IL 60532

U.S. Department of Housing and Urban
451 7th Street, S.W.
Washington, DC 20410

UNITED HEALTH CARE
9700 Health Care Ln,
Minnetonka, MN 55343

## UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

|  |  |  |
|---|---|---|
| In re: | ) | Chapter 11 |
|  | ) |  |
| WEALSHIRE REHAB, LLC, | ) | Case No. 24-09110 |
|  | ) |  |
|  | ) |  |
| Debtor. | ) | Honorable Donald R. Cassling |
| | ) | |

## DEBTOR'S APPLICATION TO EMPLOY AND RETAIN LEVENFELD PEARLSTEIN, LLC AS COUNSEL TO THE DEBTOR EFFECTIVE AS OF JUNE 20, 2024

The above-captioned debtor and debtor-in possession (the "Debtor") in the above-captioned chapter 11 case (the "Chapter 11 Case"), hereby files its application (the "Application") for entry of an order under section 327(a) of title 11 of the United States Code (the "Bankruptcy Code") and Rule 2014(a) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), authorizing it to retain and employ Levenfeld Pearlstein, LLC ("LP") as its counsel, effective as of June 20, 2024. In support of this Application, the Debtor has relied upon the *Declaration of Harold D. Israel in Support of Application for Order Authorizing the Employment and Retention of Levenfeld Pearlstein, LLC as Counsel to the Debtor Effective as of June 20, 2024* (the "Israel Declaration"), a copy of which is attached hereto as Exhibit A. In support of this Application, the Debtor submits the Israel Declaration and respectfully states as follows:

### JURISDICTION

1. This Court has jurisdiction over this Application under 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2).

2. Venue of this proceeding and the Application in this District is proper under 28

U.S.C. §§ 1408 and 1409.

## BACKGROUND

3.      On June 20, 2024 (the "Petition Date"), the Debtor filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the Northern District of Illinois (the "Court"). The Debtor is operating its business and managing its property as a debtor-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

4.      The Debtor has elected to proceed under subchapter V of Chapter 11, as it has, in the aggregate as of the Petition Date, liquidated, non-contingent debt in an amount less than $7.5 million. No creditors' committee has been appointed in the Chapter 11 Case pursuant section 1102(a)(3) of the Bankruptcy Code. A chapter 11 trustee or examiner have not been appointed, however, in accordance with section 1183 of the Bankruptcy Code, Robert Handler has been appointed the Subchapter V trustee (the "Subchapter V Trustee") in the Chapter 11 Case.

5.      A detailed description of the Debtor and its business and the facts and circumstances supporting this Application and the Debtor's Chapter 11 Case, are set forth in greater detail in the *Declaration of Arnold Goldberg in Support of Chapter 11 Petition and First Day Pleadings* [Docket No. 20].

## RELIEF REQUESTED

6.      By this Application, the Debtor respectfully requests that the Court enter an order under section 327(a) of the Bankruptcy Code and Bankruptcy Rule 2014(a) authorizing the Debtor to employ and retain LP as its counsel to perform the legal services that will be necessary during the Chapter 11 Case, effective as of the Petition Date.

## LP'S QUALIFICATIONS

7.      LP has extensive experience and knowledge in the fields of corporate

reorganization and bankruptcy law and is particularly well qualified for the type of representation that is required by the Debtor.

## <u>SERVICES TO BE PROVIDED</u>

8.      The Debtor contemplates that the legal services to be rendered by LP may include, but shall not be limited to, the following:

    a.    advising the Debtor with respect to its powers and duties as a debtor-in-possession in the continued management and operation of its business;

    b.    attending meetings and negotiating with representatives of creditors and other parties in interest;

    c.    taking all necessary action to protect and preserve the Debtor's estate, including prosecuting actions on the Debtor's behalf, defending any action commenced against the Debtor, and representing the Debtor's interests in negotiations concerning all litigation in which the Debtor is involved, including objections to claims filed against its estate;

    d.    preparing all motions, applications, answers, orders, reports, and papers necessary to the administration of the Debtor's estate and its Chapter 11 Case;

    e.    taking any necessary action on behalf of the Debtor to obtain approval of a plan of reorganization;

    f.    representing the Debtor in connection with obtaining use of cash collateral;

    g.    advising the Debtor in connection with any potential sale of assets;

    h.    appearing before the Court, any appellate courts, and the United States Trustee and protecting the interests of the Debtor's estate before those courts and the United States Trustee; and

    i.    performing all other necessary legal services to the Debtor in connection with the Chapter 11 Case, including, without limitation, (i) the analysis of the Debtor's leases and executory contracts and the assumption, rejection, or assignment thereof, (ii) the analysis of the validity of liens against the Debtor, and (iii) advice on corporate, litigation, and other matters.

## **TERMS OF RETENTION**

9.      The Debtor requests that all legal fees and related costs incurred by the Debtor on account of services rendered by LP in this Chapter 11 Case be paid as an administrative expense of the Debtor's estate in accordance with the Bankruptcy Code and applicable orders entered in the Chapter 11 Case.  Subject to the Court's approval, LP will charge for its legal services on an hourly basis, billed in tenth-of-an-hour increments, in accordance with its hourly rates in effect on the date that such services are rendered.  LP's billing rates for attorneys for the 2024 calendar year range from approximately $455 to $570 per hour for associates and $530 to $975 per hour for partners.  Time devoted by legal assistants and law clerks for the 2024 calendar year is expected to be charged at billing rates ranging from approximately $215 to $460 per hour.  These hourly rates are subject to periodic adjustments to reflect economic and other conditions.  LP will maintain detailed records of any actual and necessary costs incurred in connection with the aforementioned legal services.  LP intends to apply to the Court for compensation and reimbursement of expenses in accordance with applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, and the Local Rules of the United States Bankruptcy Court for the Northern District of Illinois.

10.      The names, positions, and hourly rates for the 2024 calendar year of the LP professionals presently expected to be primarily responsible for providing services to the Debtor are Harold D. Israel – partner ($760/hour), Jack O'Connor – partner ($665/hour), and Sean P. Williams – partner ($595/hour).[1]  In addition, from time to time, it will be necessary for other LP professionals to provide services to the Debtor.

11.      It is LP's policy to charge its clients in all areas of practice for identifiable,

---

[1]      The rates charged by each LP professional differ based on, among other things, such professional's level of experience and the rates normally charged by similar professionals.

non-overhead expenses incurred in connection with the client's case that would not have been incurred except for representation of that particular client. It is also LP's policy to charge its clients only the amount actually incurred by LP in connection with such items. Examples of such expenses are postage, overnight mail, courier delivery, transportation, overtime expenses, computer-assisted legal research, photocopying and printing, outgoing facsimile transmissions, mileage, meals, and lodging.

## LP'S DISINTERESTEDNESS

12. The standard for a debtor in possession to employ attorneys as general bankruptcy counsel is set forth in sections 327(a) and 1107 of the Bankruptcy Code, as interpreted by the Seventh Circuit. Those sections provide that a debtor in possession, with the court's approval, may employ attorneys "that do not hold or represent an interest adverse to the estates" and that are "disinterested persons." 11 U.S.C. §§ 327(a), 1107; see also In re Granite Sheet Metal Works, Inc., 159 B.R. 840, 845 (Bankr. S.D. Ill. 1993) ("The debtor in possession's choice of counsel is limited to disinterested persons who do not hold or represent an interest adverse to the estates."). A "disinterested person" is defined as one who does not have an interest materially adverse to the interest of the estate, by reason of any direct or indirect relationship with the Debtor, or for any other reason. 11 U.S.C. § 101(14)(e). In general, however, subject to the requirements of sections 327(a) and 1107, a debtor in possession is entitled to the counsel of their choosing. See, e.g., In re Vouzianas, 259 F.3d 103, 108 (2d Cir. 2001) (observing that "[o]nly in the rarest cases should the trustee be deprived of the privilege of selecting his own counsel").

13. Prior to the commencement of this Chapter 11 Case, on June 19, 2024, LP received $25,000.00 from the Debtor and on June 20, 2024, LP received $75,000.00 from eCapital Healthcare Corp., on behalf of the Debtor. Prior to filing, LP first applied $80,067.30 to prepetition

invoices, leaving a balance of $19,923.70 (the "<u>Retainer</u>") as of June 20, 2024.

14.     LP further requests that it be allowed to apply the Retainer to the following remaining expenses upon Court approval: $1,738.00 for the filing fee for the Debtor's Chapter 11 Case.

15.     The balance of the Retainer, $18,185.70, if LP is allowed to apply its Retainer to the filing fee, will be held to be applied for post-petition fees and expenses as approved by the Court.

16.     To the best of the Debtor's knowledge, and except as disclosed in the Israel Declaration, LP does not hold or represent any interest adverse to the Debtor's estate.  LP is a "disinterested person," as that phrase is defined in section 101(14) of the Bankruptcy Code (as modified by section 1107(b) of the Bankruptcy Code), and LP's employment is necessary and in the best interests of the Debtor and the Debtor's estate.

17.     Consistent with Bankruptcy Rule 2016(b), LP has not shared or agreed to share (a) any compensation it has received or may receive in connection with this chapter 11 case with another party or person, other than with the partners, of counsel, associates, contractors, law clerks, and employees associated with LP or (b) any compensation another person or party has received or may receive in connection with this Chapter 11 Case.

18.     LP's employment retroactive to the Petition Date is appropriate under the circumstances and applicable Bankruptcy Rules.   Indeed, "[t]he concept of retroactive compensation is incorporated into the Federal Rules of Bankruptcy Procedure, including Bankruptcy Rule 6003(a), [under which] an application for employment may not be approved within the first 21 days of a bankruptcy case, absent a need to avoid immediate and irreparable harm."  <u>In re Mallinckrodt plc</u>, No. BR 20-12522-JTD, 2022 WL 906451, at *8 (D. Del. Mar. 28,

2022) (quoting <u>In re Miller</u>, 620 B.R. 637, 642 (Bankr. E.D. Cal. 2020)). Bankruptcy Rule 6003(a) provides that "[e]xcept to the extent that relief is necessary to avoid immediate and irreparable harm, the court shall not, within 21 days after the filing of the petition, issue an order granting the following: (a) an application under Rule 2014." Fed. R. Bankr. P. 6003(a). The hearing on this Application is the earliest possible date 21 days after the Petition Date and should be approved retroactive to the Petition Date.

## NOTICE

19.     Notice of this Application has been served upon: (a) the Office of the United States Trustee; (b) eCapital Healthcare Corp.; (c) Cambridge Realty Capital Ltd. Of Illinois; (d) the top 20 creditors listed on the Debtor's petition and state and federal taxing agencies; (e) the Subchapter V Trustee; and (f) those parties that have filed an appearance in the Chapter 11 Case via CM/ECF. In light of the nature of the relief requested, the Debtor respectfully submits that no further notice is required.

*[Remainder of Page Intentionally Left Blank]*

**WHEREFORE**, the Debtor respectfully requests the entry of an order: (a) authorizing and approving the employment and retention of LP as counsel to the Debtor effective as of the Petition Date and (b) granting such other and further relief as the Court deems appropriate.

Dated: July 9, 2024

Respectfully submitted,

**WEALSHIRE REHAB, LLC**

By: ___/s/ Harold D. Israel___

Harold D. Israel, Esq.
Sean P. Williams, Esq.
**LEVENFELD PEARLSTEIN, LLC**
120 S. Riverside Plaza, Suite 1800
Chicago, Illinois 60606
Telephone: (312) 346-8380
Facsimile: (312) 346-8434
e-mail: hisrael@lplegal.com
*Proposed Counsel for the Debtor and*
*Debtor in Possession*

# EXHIBIT A

## DECLARATION OF HAROLD D. ISRAEL

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

|  |  |  |
|---|---|---|
| In re: | ) | Chapter 11 |
|  | ) |  |
| WEALSHIRE REHAB, LLC, | ) | Case No. 24-09110 |
|  | ) |  |
|  | ) |  |
| Debtor. | ) | Honorable Donald R. Cassling |
|  | ) |  |

**DECLARATION OF HAROLD D. ISRAEL IN SUPPORT OF**
**DEBTOR'S APPLICATION TO EMPLOY AND RETAIN LEVENFELD**
**PEARLSTEIN, LLC AS COUNSEL TO THE DEBTOR**
**EFFECTIVE AS OF JUNE 20, 2024**

I, Harold D. Israel, being duly sworn, state the following under penalty of perjury.

1.      I am a partner in the law firm of Levenfeld Pearlstein, LLC ("LP"), located 120 South Riverside Plaza, Suite 1800, Chicago, Illinois 60606. I am a member in good standing of the Bar of the State of Illinois and am admitted to practice before the United States Court of Appeals for the Second, Seventh, and Tenth Circuits, the United States District Courts for the Northern and Central Districts of Illinois, the United States District Court for the Eastern District of Michigan, and the United States District Courts for the Eastern and Western Districts of Wisconsin. There are no disciplinary proceedings pending against me.

2.      I am in all respects competent to make this declaration (the "Declaration") in support of the application (the "Application") of the above-captioned Debtor (the "Debtor") to retain LP as its counsel pursuant to section 327(a) of title 11 of the United States Code (the "Bankruptcy Code") and Rule 2014(a) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").

3.  In connection with the above-captioned chapter 11 case (the "Chapter 11 Case"), the Debtor has requested authorization to generally retain LP as its attorneys in this chapter 11 case. The Debtor currently seeks to retain LP, subject to the oversight and orders of the Court, to advise the Debtor with respect to certain matters, including, but not limited to the following:

a.  advising the Debtor with respect to its powers and duties as a debtor-in-possession in the continued management and operation of its business;

b.  attending meetings and negotiating with representatives of creditors and other parties in interest;

c.  taking all necessary action to protect and preserve the Debtor's estate, including prosecuting actions on the Debtor's behalf, defending any action commenced against the Debtor, and representing the Debtor's interests in negotiations concerning all litigation in which the Debtor is involved, including objections to claims filed against its estate;

d.  preparing all motions, applications, answers, orders, reports, and papers necessary to the administration of the Debtor's estate and its Chapter 11 Case;

e.  taking any necessary action on behalf of the Debtor to obtain approval of a plan of reorganization;

f.  representing the Debtor in connection with obtaining use of cash collateral;

g.  advising the Debtor in connection with any potential sale of assets;

h.  appearing before the Court, any appellate courts, and the United States Trustee and protecting the interests of the Debtor's estate before those courts and the United States Trustee; and

i.  performing all other necessary legal services to the Debtor in connection with the Chapter 11 Case, including, without limitation, (i) the analysis of the Debtor's leases and executory contracts and the assumption, rejection, or assignment thereof, (ii) the analysis of the validity of liens against the Debtor, and (iii) advice on corporate, litigation, and other matters.

4.  The Debtor requests that all legal fees and related costs incurred by the Debtor on account of services rendered by LP in this Chapter 11 Case be paid as an administrative expense

of the Debtor's estate in accordance with the Bankruptcy Code and applicable orders entered in the Chapter 11 Case.

5.      LP will charge for its legal services on an hourly basis, billed in tenth-of-an-hour increments, in accordance with its hourly rates in effect on the date that such services are rendered. LP's billing rates for attorneys for the 2024 calendar year range from approximately $455 to $570 per hour for associates and $530 to $975 per hour for partners.  Time devoted by legal assistants and paralegals for the 2024 calendar year is expected to be charged at billing rates ranging from approximately $215 to $460 per hour.  These hourly rates are subject to periodic adjustments to reflect economic and other conditions.[1]  LP will maintain detailed records of any actual and necessary costs incurred in connection with the aforementioned legal services.  LP intends to apply to the Court for compensation and reimbursement of expenses in accordance with applicable provisions of the Bankruptcy Code and the Bankruptcy Rules.

6.      The names, positions, and hourly rates for the 2024 calendar year of the LP professionals presently expected to be primarily responsible for providing services to the Debtor are: Harold D. Israel – partner ($760/hour), Jack O'Connor – partner ($665/hour), and Sean P. Williams – partner ($595/hour).  In addition, from time to time, it will be necessary for other LP professionals to provide services to the Debtor.

7.      It is LP's policy to charge its clients in all areas of practice for identifiable, non-overhead expenses incurred in connection with the client's case that would not have been incurred except for representation of that particular client.  It is also LP's policy to charge its clients only the amount actually incurred by LP in connection with such items.  Examples of such expenses

---

[1]      The rates charged by each LP professional differ based on, among other things, such professional's level of experience and the rates normally charged by similar professionals.

are postage, overnight mail, courier delivery, transportation, overtime expenses, computer-assisted legal research, document printing and photocopying, outgoing facsimile transmissions, airfare, meals, and lodging.

## LP'S DISINTERESTEDNESS

8.      Prior to the commencement of this Chapter 11 Case, on June 19, 2024, LP received $25,000.00 from the Debtor and on June 20, 2024, LP received $75,000.00 from eCapital Healthcare Corp., on behalf of the Debtor. Prior to filing, LP first applied $80,067.30 to prepetition invoices, leaving a balance of $19,923.70 (the "Retainer") as of June 20, 2024.

9.      LP further requests that it be allowed to apply the Retainer to the following remaining expenses upon Court approval: $1,738.00 for the filing fee for the Debtor's Chapter 11 Case.

10.     The balance of the Retainer, $18,185.70, if LP is allowed to apply its Retainer to remaining prepetition expenses, will be held to be applied for post-petition fees and expenses as approved by the Court.

11.     In preparing this affidavit and the Application, LP used a set of procedures established to ensure compliance with the requirements of the Bankruptcy Code and the Bankruptcy Rules. In that regard, a list of known parties in interest is attached hereto as Schedule 1 (the ''Conflicts Check List'').

12.     In connection with its proposed retention by the Debtor in this Chapter 11 Case, LP researched its computer client database to determine whether it has any relationships with any of the entities listed in the Debtor's mailing matrix filed with the petition. LP's conflict database includes the names of: (i) current and former clients and, where practical, the known affiliates of those clients; (ii) current and former adverse parties; and (iii) certain current and former related

parties in matters upon which LP has been or is currently engaged.

13.     LP maintains and systematically updates its conflict check system in the regular course of its business, and it is the regular practice of LP to make and maintain these records.  It is the policy of LP that no new matter be accepted or opened within the firm without completing and submitting to those charged with maintaining the conflict check system the information necessary to check each such matter for conflicts, including the identity of the prospective client, the matter, and the related adverse parties.  Accordingly, it is LP's regular practice to update its database for every new matter undertaken by LP.

14.     Insofar as I have been able to ascertain, neither I, LP, nor any partner or associate at LP, represent or have any connection with any of the parties in interest listed on Schedule 1, except as disclosed on Schedule 2.  Except as set forth herein, any matter for which time has not been posted by an LP timekeeper during the three-year period prior to the Petition Date has not been disclosed.

15.     Consistent with Bankruptcy Rule 2016(b), LP has not shared or agreed to share (a) any compensation it has received or may receive in connection with this chapter 11 case with another party or person, other than with the partners, of counsel, associates, contractors, law clerks, and employees associated with LP or (b) any compensation another person or party has received or may receive in connection with this Chapter 11 Case.

16.     In accordance with Local Rule 2016-1, a copy of the engagement agreement between LP and the Debtor is attached hereto as Exhibit 1.

Under 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

Executed on July 9, 2024

/s/ Harold D. Israel

# SCHEDULE 1
## Potential Parties in Interest

**Debtor/Affiliates/Equity Holders**
Wealshire Rehab, LLC
Wealshire Plus, LLC
Wealshire Master Tenant LLC
Lincolnshire Properties Limited Partnership
Arnold Goldberg

**Potential Secured Parties**
eCapital Healthcare Corp.
Cambridge Realty Capital Ltd. of Illinois

**Taxing/Governmental Authorities**
DEPARTMENT OF HEALTH AND
HUMAN SERVICES
Department of the Treasury
Illinois Department of Healthcare and
Family Services
ILLINOIS DEPARTMENT OF PUBLIC
HEALTH
ILLINOIS DEPARTMENT OF REVENUE
ILLINOIS DEPT. OF EMPLOYMENT
SEC.
LAKE COUNTY HEALTH
DEPARTMENT
LAKE COUNTY TREASURER
ILLINOIS SECRETARY OF STATE
U.S. Department of Housing and Urban
CENTERS FOR MEDICARE AND
MEDICAID

**Other Parties in Interest**

A PLUS EXHAUSTHOOD
A PLUS FIRE PROTECTION SERVICES
ABILITY NETWORK INC
ABILITY REHAB LLC
ACCU-TECH SERVICE INC
ACCURATE BIOMETRICS
ADVANTAGE AMBULANCE
AFFILIATED CUSTOMER SERVICE INC
ALL-STAT PICC LINE LLC
ALL-STAT PORTABLE X-RAY
   SERVICE
ALPHA BAKING COMPANY INC
ANDREW SUK LLC
ANGELS HOMECARE SERVICES

APPLOI CORPORATION
ASCENTIUM CAPITAL
BEAVER CREEK CONSTRUCTION LLC
BEDI & SINGER LLP
BERNARD HEALTH
BH WEB SERVICES LLC
BIZMATCH LLC
BUTTERFIELD HEALTH CARE GROUP,
   INC
CALIFF & HARPER, P.C.
CAMBRIDGE REALTY CAPITAL LTD
   OF IL
CAPITAL ONE
CENTERS FOR MEDICARE AND
   MEDICAID
CITY OF CHICAGO DEPT OF FINANCE
CLEAN START SYSTEMS
CLIPBOARD HEALTH
CMSA CHICAGO
COM ED
COMCAST
CONNOR
CONSTELLATION NEWENERGY
COZZINI BROS INC
CREATIVE SCAPE LANDSCAPERS
CROWN CARE SERVICES
CYNTHIA CHOW & ASSOCIATES LLC
DARLING INGREDIENTS
DE LAGE LANDEN FINANCIAL
   SERVICES
DELTA T GROUP
DEPARTMENT OF HEALTH AND
   HUMAN SERV
DEPARTMENT OF THE TREASURY
DIRECT TV PO BOX 5006
DR AJAY MADHANI
EDSON DEVELOPMENTS
EDWARD DON & COMPANY
ELDERWORKS EDUCATIONAL
   SERVICES
ELITE MEDICAL TRANSPORTATION
EMPIRE COOLER
ENTERTAIN 360 (FKASENIOR TV)
FAMILY HVAC LLC
FIRST INSURANCE FUNDING
FITZSIMMONS HOSPITAL SERVICES

FOCUSED CARE CONSULTING
FUSION DESIGN GROUP LTD
G L HILLS FUNERAL HOME
GENERAL PARTS GROUP LLC
GLOBAL WATER TECHNOLOGY INC.
GORDON FOOD SERVICE
GREATER CHICAGO TRANSIT
GREENWISE
GUARDIAN
HANGER, INC
HD SUPPLY
HEALTH CARE COUNCIL OF ILLINOIS
HEALTHCARE SERVICES GROUP
HEALTHIEST YOU
HOH WATER TECH
HOLLAND & HART
HOME DEPOT
ICE MILLER LEGAL COUNSEL
INNER SECURITY SYSTEMS
INOVALON PROVIDER
INSIGHT DRUG TESTING
INTEGRA IL
JC LICHT
JIM AUSTIN SHOWS
JIVETEL
KARE
  TECHNOLOGIES(AMERISOURCE)
KEZIAH QUALITY NURSING
  STAFFING
L.B. HALL
LAKE COUNTY HEALTH
  DEPARTMENT
LAKE COUNTY TREASURER
LAW OFFICE OF ANTWAN M.
  WILLIAMS
LEGACY HEALTHCARE
LEVCO TECHNOLOGIES INC
LINCOLN FIRE PRO
LINCOLNSHIRE HEALTH CARE
  CENTER
LINCOLNSHIRE LIVING & REHAB
  CENTER
LIQUITECH
LISA MENOTTI
MANAGEMENT & NETWORK
  SERVICES

MARCO TECHNOLOGIES  LLC
MECOR
MEDLINE INDUSTRIES INC
MEIKEM SUPPLY
MERCHANT SERVICES
MICHELLE DAMICO COMM LLC
MILLER & MERTKE CONSULTING
  CORP
ML ENTERPRISES
NATIONAL DATACARE CORP
NETSMART TECH
NEXT LEVEL HOSPITALITY SERVICES
NLAL HOSPITALITY SERVICES
NORTH SHORE GAS
NORTH SHORE SIGN
NURSA INC
OASIS SENIOR ADVISORS CHICAGO
  NORTH
OLD NATIONAL BANK
ONE STEP
PAMSKI SOLUTIONS
PARAGON MECHANICAL INC
PATRICK G. COOKE
PAYLOCITY
PERFORMANCE FOODSERVICE TPC
PERSONNEL PLANNERS INC
PHARMSCRIPT OF IL LLC
POINTCLICKCARE TECHNOLOGIES
  INC
POLSINELLI
PRARIE FARMS
PRECISION HEATING & AIR
PROCARE MEDICAL SUPPLIES
PROFESSIONAL MEDICAL INC
PROSHRED CHICAGO
QUENCH USA
R. JEREMY ADAMSON
RALPH WEINER ASSOCIATES LLC
REDWOOD SYSTEMS INC
REED SMITH LLP
REGAL BUSINESS MACHINES INC
ROBERT NELSON
ROTO ROOTER
SCHINDLER ELEVATOR CORP
SECRETARY OF STATE
SELECT REHABILITATION LLC

SENTRY PEST CONTROL INC
SHER, LLP
SHIFTKEY LLC
SILVER CONCIERGE
SMARTLINX SOLUTIONS
SNOWPLUSHER INC
SPECIAL CARE
STRAIGHT CARE STAFFING NURSING
  AGEN
SYNAPSE HEALTH
SYSTEMS PIPING
TELEMEDICINE SOLUTIONS LLC
TEMPLIN HEALTHCARE
  ACCOUNTNG SERV
THE LAW OFFICE OF DOUGLAS R.
  JOHNSON
THIRD EYE HEALTH
TIERRA EINVIRONMENTAL
  SERVICES, INC
TIMOTHY JOSEPH BARTON
TOP NOTCH PROMOTIONS
TRANSITIONAL CARE MANAGEMENT
TWINMED MEDICAL SUPPLIES &
  SERVICES
U.S. DEPARTMENT OF HOUSING AND
  URBAN DEVELOPMENT
UNIQUE UPHOLSTERY CARPET &
  RUG
UNITED HEALTH CARE
VARIFAX SYSTEMS
VILLAGE OF LINCOLNSHIRE
WAREHOUSE DIRECT
WASHTOWN
WASTE MANAGEMENT
WATER SERVICES CO
WEALSHIRE MASTER TENANT, LLC
WEBENVY
WELL SKY
XTREME FIRE PROTECTION INC

**Bankruptcy Judges**
Chief Judge Jacqueline P. Cox
Judge Janet S. Baer
Judge Timothy A. Barnes
Judge Donald R. Cassling
Judge David D. Cleary

Judge A. Benjamin Goldgar
Judge Thomas M. Lynch
Judge Deborah L. Thorne

**Office of the U.S. Trustee, Region 11**
Adam Brief
Patricia Brasier
Elise A. Carruthers
Spencer Ezell
Jeffrey L. Gansberg
Teresa Gomez
Joshua D. Greene
Andrew Hunt
Keith E. Manikowski
Rita Mierzwa
Roman I. Motley
Jeremiah Nelson
Karen V. Newbury
Ifeoma Oraegbu
Suhey Ramirez
M. Gretchen Silver
Thomas Thornton
Jennifer Toth
John Vassos
Connie Jean Warner
Marie Yapan

## SCHEDULE 2

Levenfeld Pearlstein, LLC ("LP") employs approximately 100 attorneys and has a large and diversified legal practice which encompasses the representation of many businesses, financial institutions, individuals, and other creditors. As part of its diverse practice, LP appears in numerous cases, proceedings, and transactions involving many different professionals, including other attorneys, accountants, financial consultants, and investment bankers. With respect to each of the clients listed below, LP's representation of such parties was in matters unrelated to the Debtor. Based on LP's current knowledge of the professionals, lenders, creditors, equity holders, and other significant parties in interest involved in this case, LP makes the following disclosures:

| CLIENT | STATUS |
|---|---|
| Cozzini Bros., Inc. | Current Client |
| Medline Industries, Inc. | Current Client |
| Cambridge Realty Capital Ltd. of Illinois[1] | Current Client |
| Legacy Healthcare | Former Client (June 2020) |
| Arnold Goldberg[2] | Former Client (June 2022) |

---

[1]  LP received a conflict waiver from Cambridge Realty Capital Ltd. of Illinois in connection with its representation of the Debtor in this matter.

[2]  LP represented Mr. Goldberg, the Debtor's sole member and manager, with respect to certain estate planning matters, in a representation that formally terminated in June 2022. LP has not represented Mr. Goldberg in connection with the Debtor or its Chapter 11 Case.

**EXHIBIT 1**
**Engagement Letter**



**Levenfeld Pearlstein, LLC**
120 S Riverside Plaza, Suite 1800
Chicago, IL 60606 USA
lplegal.com

**Harold D. Israel**
hisrael@lplegal.com
T +1 (312) 476-7573

June 3, 2024

**VIA ELECTRONIC MAIL:**

Mr. Arnold Goldberg
Wealshire Rehab, LLC
150 Jamestown Ln.
Lincolnshire, IL 60069
arniegoldberg1@gmail.com

**Re:    Engagement of Levenfeld Pearlstein, LLC.**

Dear Mr. Goldberg:

Thank you for your interest in our legal services.

This letter confirms our agreement that Levenfeld Pearlstein, LLC ("LP" or the "Firm") will be representing Wealshire Rehab, LLC and certain of its affiliated entities ("you") in connection with their anticipated subchapter V chapter 11 bankruptcy cases (collectively, the "Bankruptcy Case") in the United States Bankruptcy Court for the Northern District of Illinois. This particular engagement is limited to the performance of the services we discussed.

My partner Sean Williams and I will have the primary responsibility for your representation, and for keeping you informed of the status of our work, consultation with other professionals in our firm may be necessary. My current rate is $760, Sean's rate is $595 and the hourly rates for other professionals range from $435 to $1,250 for attorneys and $370 to $460 for paralegals. Our fees and services will be based on the time spent on the matter, computed at our hourly rates for the persons performing the services. Our billing rates and fees are subject to adjustment from time to time, usually in January of each year.

We will require an initial advance payment retainer of $25,000.00 (the "*Initial Retainer*"). This amount should be wire transferred to the following account:

| | |
|---|---|
| Wire to: | Wintrust Bank |
| | 231 S. LaSalle St., 2nd Floor |
| | Chicago, Illinois 60604 |
| ABA Number: | 071925444 |
| Account Name: | Levenfeld Pearlstein, LLC |
| Account No.: | 6350020367 |
| SWIFT Code: | NSCTUS44 |

Because this retainer is classified as an "advance payment", you and our Firm agree that the retainer is an immediate prepayment of fees in exchange for our commitment to perform future services in connection with the representation. As such, these funds are treated as Firm funds (and not your funds) and will not be placed in our client trust account. Rather, this advance payment retainer will be deposited into our general operating account. The purpose of requiring an advance payment retainer in this case is to protect our ability to collect fees and costs incurred in connection with our representation of you should you declare bankruptcy or should you become subject to a judgment or other creditor claims. It is our opinion that an advance payment retainer is advantageous to you because an advance payment retainer may be beyond the reach of your creditors. By creating an advance payment retainer with our Firm, this would allow us to continue working for you when otherwise our representation would need to cease if the retainer were disgorged from our Firm by one of your creditors.

Each month as bills are issued to you, the balance held as the advance payment retainer will be applied against the amount owed to our Firm. When our fees and expenses approach the amount of the Initial Retainer, you agree to replenish the Initial Retainer by paying us $15,000 (or such other amount as we may agree on) within two days of such request (and such amount, a "Supplemental Retainer"). Notwithstanding the forgoing, immediately prior to the filing of the Bankruptcy Case, you agree to an additional Supplemental Retainer by paying us an amount so that the total Supplement Retainer is $50,000. Any such Supplemental Retainer will also be treated as an advance payment retainer unless agreed otherwise by the Firm in writing. If we request that you pay a Supplemental Retainer, and you do not do so promptly, you hereby authorize us to terminate our representation of you (unless any rule or statute or tribunal with jurisdiction precludes us from doing so). If any sum is unapplied once the engagement has ended, this amount will be refunded to you. Note, the amount of our fees is not limited to the amount of the retainer and (as such) the retainer is not to be considered a flat fee for the representation.

Please note that you do have the option of requiring us to place the retainer into a "security retainer" which will then be deposited into our client funds trust account. You understand and have been advised that other firms may agree to represent you without any form of retainer or based on a requirement that you provide only a "security retainer" account. The effect of this is that a security retainer remains your property during our representation (and therefore subject to the claims of your creditors). However, the monthly application of the retainer against future invoices would continue to occur as set forth above. The choice to place the retainer into a security retainer (instead of an advance payment retainer) is yours alone. If you wish to exercise the option to have the retainer held as a security retainer (and not an advance payment retainer), please DO NOT sign this letter. Rather, please contact me immediately. Note, we have the right to refuse the engagement described herein if you choose to require us to hold the retainer as a security retainer, instead of an advance payment retainer. In such an event, the deposited retainer will be returned to you. If you would like to discuss the difference between the types of retainers described herein, please call and I will explain. If you execute this letter, this will be deemed your direction and agreement to hold the Initial Retainer (and any Supplemental Retainer) described herein as an "advance payment retainer" on the terms described above and not as a security retainer.

The Firm's *Standard Terms of Engagement* is attached and incorporated as part of the terms of this Engagement Letter and will govern both the present engagement and any future assignments we accept from you, unless we otherwise agree.

If you decide to engage LP under the terms and conditions set forth in this letter and the attachment, please sign a copy of this letter where indicated below and forward it to me for our files. You should retain a copy for yourself.

We are very pleased to be given the opportunity to represent you in this matter. LP is committed to providing you with the best legal representation possible. Please do not hesitate to contact me should you have any questions.

Best regards,

*Harold D. Israel* (signature)

Harold D. Israel

\*  \*  \*  \*  \*

The undersigned acknowledges, agrees and consents to the terms and understandings set forth in the above letter and the attached Standard Terms of Engagement.

**WEALSHIRE REHAB, LLC**

(signature)

By: Arnold Goldberg
Title: President
Dated: June __, 2024