**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| In re: | ) Chapter 11 |
| WEALSHIRE REHAB, LLC, | ) Case No. 24-09110 |
| Debtor. | ) Honorable Donald R. Cassling |

**NOTICE OF: (1) ENTRY OF CONFIRMATION ORDER; (2) SUBSTANTIAL CONSUMMATION AND EFFECTIVE DATE OF THE AMENDED CHAPTER 11 PLAN OF LIQUDATION; AND (3) BAR DATE FOR ADMINSTRATIVE EXPENSE CLAIMS**

  **PLEASE TAKE NOTICE** that on November 11, 2024, Wealshire Rehab, LLC (the "Debtor") filed its *Amended Chapter 11 Liquidating Plan* [Docket No. 169] (the "Plan").[1]

  **PLEASE TAKE FURTHER NOTICE** that on November 12, 2024, the Bankruptcy Court entered an *Order Confirming Amended Chapter 11 Plan* [Docket No. 107] (the "Confirmation Order"). A copy of the Confirmation Order is attached hereto.

  **PLEASE TAKE FURTHER NOTICE** that on November 14, 2024, the Effective Date of the Plan occurred.

  **PLEASE TAKE FURTHER NOTICE** that, pursuant to the *Order: (a) Approving Private Sale of the Debtor's Assets Free and Clear of All Liens, Claims, Encumbrances, and Other Interests, and Entry into Operations Transfer Agreement (b) Approving the Form and Manner of Notices of the Sale; (c) Approving the Assumption and Assignment of Certain Contracts; (d) Rejecting Sublease Agreement; (e) Shortening and Limiting Notice; and (f) Granting Related Relief* [Docket No. 137], Lincolnshire Nursing, LLC assumed all operating expenses in connection with the Debtor's business as of September 1, 2024.

  **PLEASE TAKE FURTHER NOTICE** that, pursuant to Section III.C of the Plan, any request for payment of a non-Professional Fee Administrative Expense Claim (including those Claims arising from the Debtor's operations from June 20, 2024 through September 1, 2024), including, but not limited to, a Claim under section 503(b)(9) of the Bankruptcy Code, shall be served on the Reorganized Debtor (address below) no later than **December 30, 2024** (the "Administrative Expense Bar Date"). Any Administrative Expense Claim that is not served on or before the Administrative Expense Bar Date shall be automatically disallowed and forever barred in its entirety. An Administrative Expense Proof of Claim form is attached hereto. Instructions to

---

[1]  Capitalized terms used but not defined herein shall have the meaning given to such term in the Plan.

complete and submit the Administrative Expense Proof of Claim are set forth in Section 3 of the form.

**PLEASE TAKE FURTHER NOTICE** that, pursuant to Section III.C of the Plan, a Professional Fee Claim, shall be filed with the Bankruptcy Court no later than **December 30, 2024** (the "Professional Fee Claim Bar Date"). Any Professional Fee Claim that is not filed on or before the Professional Fee Bar Date shall be automatically disallowed and forever barred in its entirety.

**PLEASE TAKE FURTHER NOTICE** that after the Effective Date, all inquiries should be directed to the new manager of the Reorganized Debtor and Creditor Trustee:

>Robert Handler
>805 Greenwood St.
>Evanston, IL 60201

All non-Professional Fee Administrative Expense Claims should be sent to the above address.

Dated:  November 14, 2024                     Respectfully submitted,

**WEALSHIRE REHAB, LLC**

By:     /s/ Sean P. Williams

Harold D. Israel, Esq.
Sean P. Williams, Esq.
**LEVENFELD PEARLSTEIN, LLC**
120 S. Riverside Plaza, Suite 1800
Chicago, Illinois 60606
Telephone: (312) 346-8380
e-mail: hisrael@lplegal.com
e-mail: swilliams@lplegal.com

*Counsel for the Debtor and Debtor in Possession*

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| In re: ) | Chapter 11 |
| ) | |
| WEALSHIRE REHAB, LLC, ) | Case No. 24-09110 |
| ) | |
| ) | |
| Debtor. ) | Honorable Donald R. Cassling |
| ) | |

## ORDER CONFIRMING AMENDED CHAPTER 11 LIQUIDATING PLAN

Wealshire Rehab, LLC (the "Debtor"), debtor and debtor in possession in the above-captioned chapter 11 case (the "Chapter 11 Case"), having proposed and filed the *Amended Chapter 11 Liquidating Plan* (the "Plan") [Docket No. 169]; the Court having reviewed the Plan and having heard the statements in support of the relief requested therein at a hearing before the Court (the "Hearing"); and upon consideration of any objections thereto; capitalized terms used but not defined herein shall have the meaning given to such terms in the Plan; and upon all of the proceedings had before the Court and based on the representations of counsel at the Hearing; and the Court having found that the Plan satisfies the elements of confirmation under the Bankruptcy Code; and after due deliberation and sufficient cause appearing therefor,

**THE COURT HEREBY FINDS AS FOLLOWS:**

1. Petition Date. On June 20, 2024, the Debtor commenced the Chapter 11 Case by filing a petition for relief under subchapter V of chapter 11 of the Bankruptcy Code in the Bankruptcy Court.

2. Debtor in Possession. The Debtor operated its business as a debtor in possession pursuant to sections 1182(2) and 1184 of the Bankruptcy Code.

3. The Plan. On November 11, 2024, the Debtor filed the Plan.

4. Solicitation Order. On October 1, 2024, the Court entered the *Order Setting Subchapter V Plan Confirmation Hearing, Service of Notice of Plan Confirmation Hearing and Ballots, and Filing of Acceptances or Rejections to the Plan and any Objections to the Plan and Related Matters* (the "Scheduling Order") [Docket No. 155].

5. Balloting Report. The Court has reviewed the *Section 1126 Ballot Report* [Docket No. 167]. The Plan is fair and equitable with respect to each Class of Claims that is impaired under and has not accepted the Plan.

LP 24289559.3 \ 48654-141468

6. <u>Jurisdiction and Venue</u>. The Court has jurisdiction over this Case pursuant to <u>28 U.S.C. § 1334</u>. Confirmation of the Plan is a core proceeding pursuant to <u>28 U.S.C. § 157(b)</u>, and the Court has jurisdiction to enter a Final Order determining that the Plan complies with the applicable provisions of the Bankruptcy Code.

7. <u>Transmittal and Mailing of Materials; Notice</u>. The Debtor provided due, adequate, and sufficient notice of the Plan, the Confirmation Hearing, and the time fixed for filing objections to the Plan to all entities entitled to receive that notice, including all of the Debtor's known creditors. That notice fully and adequately described the requested relief, was reasonable and appropriate, and complied in all regards with due process. That notice also complied with the applicable provisions of: (a) the Bankruptcy Code; (b) the <u>Federal Rules of Bankruptcy Procedure (the</u> "Bankruptcy Rules"); (c) the Local Bankruptcy Rules for the United States Bankruptcy Court for th<u>e Northern District</u> of Illinois, as amended, effective September 1, 2024; and (d) all relevant orders of the Court.

8. <u>Solicitation</u>. The Debtor conducted its solicitation of acceptances or rejections of the Plan and the related distribution and tabulation of ballots with respect to that solicitation in good faith. In addition, the solicitation, distribution, and tabulation complied with the Scheduling Order; all applicable provisions of the Bankruptcy Rules; all applicable provisions of the Bankruptcy Code; and all other applicable laws, rules, and regulations.

9. <u>Burden of Proof</u>. The Debtor has met its burden of proving all of the requirements of a plan under section 1191(b) of the Bankruptcy Code, including each required element of section 1129, by a preponderance of the evidence, the applicable evidentiary standard for confirmation. Further, the Debtor has proven each required element of section 1129 of the Bankruptcy Code by clear and convincing evidence.

10. <u>Compliance with the Requirements of section 1129 of the Bankruptcy Code</u>. The Plan complies with all applicable provisions of section 1129 as more particularly set forth below and in the Court's oral findings of facts and conclusions of law:

   a. <u>11 U.S.C. § 1129(a)(1)</u> – The Plan complies with all of the applicable provisions of chapter 11, including sections 1122 and 1123 of the Bankruptcy Code.

   b. <u>11 U.S.C. § 1129(a)(2)</u> – The Debtor has complied with the applicable provisions of chapter 11, thereby satisfying section 1129(a)(2) of the Bankruptcy Code.

   c. <u>11 U.S.C. § 1129(a)(3)</u> – The Debtor has proposed the Plan in good faith and not by any means forbidden by law, thereby satisfying section 1129(a)(3) of the Bankruptcy Code.

   d. <u>11 U.S.C. § 1129(a)(4)</u> – Any payment made or to be made by the Debtor for services or for costs and expenses in connection with the Chapter 11 Case or in connection with the Plan and incident to the Chapter 11 Case, has been approved by, or is subject to the approval of the Court, thereby satisfying section 1129(a)(4) of the Bankruptcy Code.

e. 11 U.S.C. § 1129(a)(5) – The Plan is a liquidating plan and section 1129(a)(5) of the Bankruptcy Code is therefore inapplicable to the Chapter 11 Case and the Plan.

f. 11 U.S.C. § 1129(a)(6) – There are no rates applicable to the Debtor's business or otherwise, over which any regulatory commission or other governmental authority has, or will have, jurisdiction after confirmation of the Plan. Thus, section 1129(a)(6) of the Bankruptcy Code is not applicable and satisfied.

g. 11 U.S.C. § 1129(a)(7) – The Plan provides that each holder of an Impaired Claim shall have either accepted the Plan or will receive or retain under the Plan on account of such claim or interest property of a value, as of the Effective Date, that is not less than the amount that such holder would receive or retain if the Debtor was liquidated under chapter 7 of the Bankruptcy Code on such date. The Court finds that each holder of an Impaired Claim will receive a distribution on account of such Impaired Claim under the Plan that is more than such holder would receive or retain if the Debtor was liquidated in a chapter 7 proceeding. Thus, the Plan satisfies section 1129(a)(7) of the Bankruptcy Code.

h. 11 U.S.C. § 1129(a)(8) – Pursuant to section 1191(b), section 1129(a)(8) of the Bankruptcy Code is inapplicable to a subchapter V bankruptcy case and therefore inapplicable to the Debtor.

i. 11 U.S.C. § 1129(a)(9) – Notwithstanding section 1129(a)(9), the Plan's treatment of Administrative Expense Claims and Priority Tax Claims satisfies the requirements of section 1191(e) of the Bankruptcy Code.

j. 11 U.S.C. § 1129(a)(10) – Pursuant to section 1191(b), section 1129(a)(10) of the Bankruptcy Code is inapplicable to a subchapter V bankruptcy case and therefore inapplicable to the Debtor.

k. 11 U.S.C. § 1129(a)(11) – The Debtor satisfied its burden to show that confirmation of the Plan is not likely to be followed by liquidation or the need for further reorganization. Thus, the Plan satisfies section 1129(a)(11) of the Bankruptcy Code.

l. 11 U.S.C. § 1129(a)(12) – There are no fees payable under 28 U.S.C. § 1930 in a subchapter V bankruptcy case. Section 1129(a)(12) of the Bankruptcy Code is therefore inapplicable to the Plan.

m. 11 U.S.C. § 1129(a)(13) – Section 1129(a)(13) is not applicable to the Plan because the Debtor does not currently provide any retiree benefits as defined in section 1114 of the Bankruptcy Code.

n. 11 U.S.C. § 1129(a)(14) –The Debtor is a corporation and has no domestic support obligations, this section is therefore not applicable to the Plan and is satisfied.

o. 11 U.S.C. § 1129(a)(15) – Pursuant to section 1181(a) of the Bankruptcy Code, section 1129(a)(15) is inapplicable in a Subchapter V case.

  p. 11 U.S.C. § 1129(a)(16) – This section is not applicable to the Plan, as no property owned by a corporation or trust that is not a moneyed, business, or commercial corporation, or trust, is being transferred under the Plan.

  q. 11 U.S.C. § 1129(c) – Pursuant to section 1181(a) of the Bankruptcy Code, section 1129(c) is inapplicable in a Subchapter V case.

  r. 11 U.S.C. § 1129(d) – The principal purpose of the Plan is not the avoidance of taxes or the avoidance of the applicable provision of Section 5 of the Securities Act of 1933.  Thus, section 1129(d) of the Bankruptcy Code has been satisfied.

## **ORDER**

**BASED ON THE FOREGOING FINDINGS OF FACT AND CONCLUSIONS OF LAW, IT IS HEREBY ORDERED THAT:**

  1. The Plan, attached hereto as <u>Exhibit A</u>, is confirmed pursuant to section 1191 of the Bankruptcy Code and the Plan is incorporated into this Confirmation Order as an exhibit.  In the event of any inconsistency between the Plan and the provisions of this Confirmation Order, the provisions of this Confirmation Order are controlling.  The Creditor Trust Agreement, filed as a Plan supplement [Docket No. 168] is approved, and all parties thereto are authorized to execute same.

  2. The provisions of the confirmed Plan and this Confirmation Order bind the Debtor, the Creditor Trustee, and all Creditors.

  3. The Debtor or the Creditor Trustee, as the case may be, are authorized to execute and deliver any and all documents or instruments and take any and all actions necessary or desirable to implement the Plan, this Confirmation Order, and any other transactions contemplated under those documents.  To effectuate these transactions and the Plan, the Debtor or Creditor Trustee, as the case may be, are authorized—without further notice or application to or order of this Court—to execute, deliver, file, or record any documents and to take any other actions that it may determine is necessary or desirable to implement the Plan and this Confirmation Order, regardless of whether such actions or documents are specifically referred to in the Plan or this Confirmation Order.  To the extent that, under applicable nonbankruptcy law, any of these actions otherwise would require the consent or approval of the shareholder of the Debtor or Creditor Trustee, this Confirmation Order constitutes that consent and approval.

  4. Each Executory Contract or Unexpired Lease not otherwise assumed prior to the date of this Order is deemed rejected as of the date of this Confirmation Order.

5. As of the Effective Date, pursuant to the provisions of sections 1141(b) and (c) of the Bankruptcy Code, all Estate Assets (including but not limited to all Avoidance Actions and Causes of Action) shall vest in the Creditor Trust as provided in the Plan and Creditor Trust Agreement free and clear of all Claims, liens or other encumbrances (except as expressly provided in the Plan) and, commencing on the Effective Date, the Creditor Trustee may use, acquire, or dispose of property or settle or compromise claims without Court supervision and free of any restrictions imposed by the Bankruptcy Code or Bankruptcy Rules.

6. Except as otherwise provided in section 1141(d) of the Bankruptcy Code, on and after the Effective Date, the provisions of the Plan shall bind any holder of a Claim or Interest against the Debtor who held such Claim or Interest at any time during the Case and its respective successors and assigns, whether or not the Claim or Interest of such holder is Impaired under the Plan and whether or not such holder has accepted (or has been deemed to accept) the Plan. Unless otherwise provided in this Confirmation Order or the Plan, (a) all injunctions or stays provided for in the Chapter 11 Case pursuant to sections 105 and 362 of the Bankruptcy Code, or otherwise, and in existence immediately prior to the entry this Confirmation Order, shall remain in full force and effect until the Chapter 11 Case is closed and (b) all Persons who have held, hold, or may hold Claims against or Equity Interests in the Debtor are temporarily enjoined, on and after the Effective Date, from commencing or continuing in any manner any action or other proceeding with respect to a Claim against the Debtor or the Creditor Trustee until such time as they no longer hold any assets for distribution or payment under the Plan.

7. Pursuant to Bankruptcy Rule 3020(c)(1), the following injunction provisions under the Plan are hereby approved, and so ordered, and shall be immediately effective on the Effective Date without order or action by the Court, any of the parties to such provisions, or any other persons or entities:

**Injunction Enjoining Holders of Claims Against the Debtor. The Plan is the sole means for resolving, paying, or otherwise dealing with Claims and Interests. To that end, except as expressly provided in the Plan, at all times on and after the Effective Date, all Persons who have been, are, or may be Holders of Claims against or Interests in the Debtor, arising before the Effective Date, will be permanently enjoined from taking any of the following actions, on account of any such Claim or Interest, against the Debtor or the Estate, their successors, or their respective property or assets (other than actions brought to enforce any rights or obligations under the Plan):**

**(a) commencing, conducting or continuing in any manner, directly or indirectly any suit, action, or other proceeding of any kind against the Debtor and/or its Estate, its successors, or its property or assets (including, without limitation, all suits, actions, and proceedings that are pending as of the Effective Date which will be deemed to be withdrawn or dismissed with prejudice);**

**(b) enforcing, levying, attaching, executing, collecting, or otherwise recovering by any manner or means whether directly or indirectly any judgment, award, decree, or order against the Debtor or the Estate, its successors, or its property or assets;**

**(c)** creating, perfecting, or otherwise enforcing in any manner, directly or indirectly, any Lien, security interest or encumbrance against the Debtor or its Estate, its successors, or its property or assets; and

**(d)** proceeding in any manner in any place whatsoever against the Debtor or the Estate, its successors, or its property or assets that does not conform to or comply with the provisions of the Plan.

**Injunction.** The Confirmation Order shall permanently enjoin the commencement or prosecution by any Person, whether directly, derivatively, or otherwise, of any claims, obligations, suits, judgments, damages, demands, debts, rights, or liabilities enjoined, exculpated, or otherwise limited or prohibited pursuant to this Plan.

8. Holders of Allowed Claims shall not receive any payment or Distribution from the Estate or the Creditor Trust other than as specifically set forth in the Plan. Further, neither the Estate Assets, nor Distributions under the Plan on account of Allowed Claims, shall not be subject to levy, garnishment, attachment or like legal process, so that each holder of an Allowed Claim or Interest shall have and receive the benefit of the Distributions in the manner set forth in the Plan.

9. The provisions of the Plan and this Confirmation Order shall be binding on the Debtor, the Creditor Trustee, the Estate, the Subchapter V Trustee, and any entity acquiring property under the Plan, and any and all of each Estate's creditors, equity holders, and/or any other claim and/or interest holder, including, without limitation, the holder of any claim of a kind specified in section 502(g), (h), or (i) of the Bankruptcy Code, whether or not: (a) a proof of claim based on such a debt is filed or deemed Filed under section 501; (b) such claim is allowed under section 502; or (c) the holder of such claim has accepted the Plan.

10. On or before the Effective Date, to the extent not already paid, Lincolnshire Nursing, LLC shall make the $50,000 payment, as required in the *Order: (A) Approving Private Sale of the Debtor's Assets Free and Clear of all Liens, Claims, Encumbrances, and Other Interests, and Entry into the Operations Transfer Agreement; (B) Approving the Form and Manner of Notices of the Sale; (C) Approving the Assumption and Assignment of Certain Contracts; (D) Rejecting Sublease Agreement; (E) Shortening and Limiting Notice; and (F) Granting Related Relief* [Docket No. 137] (the "Sale Order"), as follows:

   a. $28,904.54 to Levenfeld Pearlstein, LLC;

   b. $45.74 to Templin Healthcare Accounting Services, LLP;

   c. $1,049.72 to Robert Handler, Subchapter V Trustee;

   d. $20,000 to the Debtor or Reorganized Debtor, as the case may be.

11. Nothing in the Plan or this Confirmation Order affects the provisions of paragraphs 39 or 40 of the Sale Order or supersedes or impairs the Centers for Medicare & Medicaid Services' rights under the Sale Order.

12.　Notwithstanding anything to the contrary in the Plan (including, but not limited to, Section VII.C) or this Confirmation Order, nothing in the Plan or this Confirmation Order enjoins any claim, right, cause of action or suit of the United States or its agencies and nothing in the Plan or this Confirmation Order shall affect or impair any setoff or recoupment rights and defenses of the United States or its agencies.

13.　Notwithstanding the entry of this Confirmation Order or the occurrence of the Effective Date, the Court will retain jurisdiction over the Case, all matters arising out of or related to the Case and the Plan, including the matters set forth in the Plan, and other applicable provisions of the Plan, including jurisdiction to: (i) to make such orders as are necessary or appropriate to implement the provisions of this Plan and to resolve any disputes arising from implementation of the Plan; (ii) to rule on any modification of the Plan proposed under section 1193 of the Bankruptcy Code; (iii) to hear and allow all applications for compensation to professionals and other Administrative Expenses; (iv) to resolve all issues regarding Claims objections, and issues arising from the assumption/rejection of executory contracts or unexpired leases; and (v) to adjudicate any Causes of Action which may exist in favor of the Debtor, including Avoidance Actions.

14.　Robert Handler's service as the Subchapter V Trustee will terminate upon the Effective Date and substantial consummation of the Plan pursuant to section 1183(c) of the Bankruptcy Code. Upon termination of the Subchapter V Trustee, Robert Handler is appointed as the Creditor Trustee. The Creditor Trustee shall become and serve as Estate representative appointed under section 1123(b)(3)(B) of the Bankruptcy Code. In that role, the Creditor Trustee will be the sole authorized representative and signatory of the Debtor, with authority to render any and all services necessary to effectuate the terms of the Plan including for the purposes of prosecuting the Causes of Action.

15.　Notwithstanding the provisions of Bankruptcy Rule 3020(e), this Confirmation Order is effective immediately upon its entry.

16.　Holders of non-Professional Fee Claims shall File an Administrative Expense Claim in the form attached hereto as <u>Exhibit B</u>, which form is hereby approved, by the Administrative Expense Bar Date. Holders of Professional Fee Claims shall File a fee application by the Administrative Expense Bar Date. The Debtor shall serve the Administrative Expense Proof of Claim along with the Effective Date Notice (as defined herein).

17.　The Debtor shall file a notice of the occurrence of the Effective Date and substantial consummation of the Plan (the "Effective Date Notice") as soon as practicable after the occurrence of the Effective Date.

18.　The Debtor is directed to cause a copy of this Order, the Effective Date Notice, and a confirmation notice indicating the Administrative Expense Bar Date, to be served on all known creditors and parties in interest under the Bankruptcy Code and Bankruptcy Rules, within five business days of the Effective Date of the Plan.

19.　This Court shall retain jurisdiction to hear and determine all matters arising from or related to the Plan and this Order.

IT IS SO ORDERED.

ENTER:

Dated: November 12, 2024

*Donald R. Cassling*
United States Bankruptcy Judge

**Prepared by:**
Harold D. Israel, Esq.
Sean P. Williams, Esq.
**LEVENFELD PEARLSTEIN, LLC**
120 South Riverside Plaza, Suite 1800
Chicago, Illinois 60606
Telephone: (312) 346-8380
hisrael@lplegal.com
swilliams@lplegal.com